UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DAVID WYATT MCKENZIE, | ) | |
| Petitioner, | ) | CASE NO. C09-68-RSL-BAT |
| v. | ) | |
| PAT GLEBE, | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | |

## INTRODUCTION

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, raising the statute of limitations as a bar to the court's consideration of petitioner's petition. Petitioner has filed an untimely response to respondent's motion. Because respondent is correct in his argument, petitioner's petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## BACKGROUND

A state-court jury found petitioner guilty in 2003 of three counts of second degree rape of a child. (Dkt. No. 10, Ex. 1). The trial court sentenced petitioner to 146 months in prison on each count, to run concurrently. (*Id*.) Petitioner appealed and the Washington Court of Appeals affirmed the conviction on January 3, 2005. (*Id*., Ex. 7). Petitioner filed a petition for review in the Washington Supreme Court. The Washington Supreme Court granted review and on May 18, 2006, issued an opinion affirming the court of appeals' decision. (*Id*., Ex. 11).

REPORT AND RECOMMENDATION
PAGE 1

Petitioner filed a personal restraint petition ("PRP") in state court on September 14, 2006. (*Id.*, Ex. 13). The Washington Court of Appeals denied the petition. (*Id.*, Ex. 17). Petitioner then sought review by the Washington Supreme Court and that court's Commissioner denied review on June 8, 2007. (*Id.*, Ex. 19). Petitioner filed a motion to modify the Commissioner's ruling but the Washington Supreme Court denied the motion on September 6, 2007. (*Id.*, Ex. 21).

Petitioner filed a second PRP in state court on June 26, 2008. (*Id.*, Ex. 23). The second PRP was dismissed as untimely by the Washington Court of Appeals on July 22, 2008. (*Id.*, Ex. 24). Petitioner sought further review by the Washington Supreme Court but that court denied review on January 6, 2009. (*Id.*, Ex. 28).

On January 16, 2009, petitioner filed the instant petition under 28 U.S.C. § 2254. (Dkt. No. 1). Respondent filed a motion to dismiss the petition as time-barred on March 20, 2009. (Dkt. No. 10). Petitioner filed an untimely response to the motion to dismiss on April 23, 2009.[1] (Dkt. No. 14). In addition, petitioner filed a motion to expunge the motion to dismiss. (Dkt. No. 12). The matter is now ready for review.

## DISCUSSION

In his § 2254 motion, petitioner raises twenty grounds for relief. However, the court need not address the merits of these claims because his habeas petition is barred by the applicable statute of limitations.

Petitions filed pursuant to 28 U.S.C. § 2254 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, subject to certain exceptions which do not apply here, the statute begins to run from "the date on which the judgment became final by the conclusion of direct review or the

---

[1] Respondent's motion to dismiss was noted for consideration on April 17, 2009. Under Local Rule CR 7(d)(3), petitioner's response was due the Monday before the noting date, or on April 13, 2009. Petitioner did not file his response until April 21, 2009, the day he signed the response, which was eight days after it was due. (Dkt. No. 14 at 3).

REPORT AND RECOMMENDATION
PAGE 2

expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1). Generally, a conviction becomes "final" when the 90-day period for filing a petition for *certiorari* to the Supreme Court expires. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000).

Under these principles, petitioner's conviction became final on August 18, 2006, or 90 days after the Washington Supreme Court affirmed his conviction. Petitioner filed his first PRP twenty-seven days later, on September 14, 2006. Under 28 U.S.C. § 2244(d)(2), a "properly-filed" PRP tolls the federal statute of limitations. Respondent concedes that petitioner's first PRP was properly filed and tolled the statute of limitations until the PRP was denied on September 6, 2007. (Dkt. No. 10 at 14-15). The statute of limitations began to run again on September 7, 2007. Petitioner filed his second PRP on June 26, 2008. However, respondent argues that this second PRP did not toll the statute of limitations because it was untimely under Washington State law. *See* RCW 10.73.090.

Respondent's argument is correct. The United States Supreme Court has explicitly held that an untimely petition filed in state court does not toll AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Accordingly, petitioner's second PRP did not stop the one-year statute of limitations from running, which it did so uninterruptedly from September 7, 2007 until petitioner filed the instant federal habeas petition on January 16, 2009. The total time that transpired is thus well over one year. In addition, the twenty-seven days between petitioner's conviction becoming final and the filing of his first PRP must be added to this total. Therefore, it is clear that petitioner's federal habeas petition is untimely.

Petitioner does not address the merits of respondent's statute of limitations argument in either his motion to expunge or in his untimely response to respondent's motion to dismiss. Nor has he shown that extraordinary circumstances exist that might qualify him for equitable tolling of the statute of limitations. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Consequently, petitioner's habeas petition is barred by the one-year statute of limitations and respondent's motion to dismiss should be granted.

## CONCLUSION

For the foregoing reasons, petitioner's petition under 28 U.S.C. § 2254 is barred by the applicable statute of limitations and respondent's motion to dismiss should be granted. In addition, petitioner's motion to expunge respondent's motion to dismiss may be denied as moot. A proposed Order is attached.

DATED this 21st day of May, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge